AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
VICENTE GOMEZ-SANCHEZ

*Defendant(s)*

Case No. 8:17-MJ-1303-T-AAS

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 25, 2017 in the county of Hillsborough in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 8 U.S.C. § 1326(a) | Ilegal reentry into the United States after deportation |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Robert M. Vadasz, Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 26, 2017

[signature: Amanda Arnold Sansone]
*Judge's signature*

City and state: Tampa, Florida

AMANDA A. SANSONE, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Robert Vadasz, being duly sworn, hereby depose and state as follows:

1. I have been employed as a United States Border Patrol Agent with the United States Border Patrol since May 10, 1998. Since May of 2005, I have been assigned to the United States Border Patrol Station in Tampa, Florida, as a Senior Patrol Agent.

2. In my capacity as a Border Patrol Agent, I am charged with enforcing United States immigration laws, both administrative and criminal sections of the law. I am a federal law-enforcement officer with the authority to execute arrest warrants and search warrants under the authority of the United States.

3. This affidavit is in support of a criminal complaint. The statements contained in this affidavit are based on my personal experiences and observations as well as those of other agents. This affidavit does not contain every fact regarding the investigation, but does document the probable cause to charge **Vicente Gomez-Sanchez (Gomez-Sanchez)**, a citizen and national of Mexico illegally present in the United States, with illegal reentry into the United States after deportation, in violation of Title 8, United States Code, Section 1326(a).

4. I submit only those facts believed to be relevant to the determination of probable cause, and this affidavit should not be construed as a complete statement of all the facts of the investigation.

## FACTS AND CIRCUMSTANCES

5. On March 15, 2017, Border Patrol Agents assigned to the Tampa Station were contacted by Officers of the Tampa Police Department (TPD) concerning the identification of a possible criminal alien. TPD Officers stated that they had arrested **Gomez-Sanchez** for possession of a vessel in a manner that misrepresents true identity of vessel, Fla. Stat. § 3238.07 (4)(b), and that they believed the subject to be illegally present in the United States.

6. Records checks revealed that **Gomez-Sanchez** had been encountered by immigration officials on at least one previous occasion. Further records revealed that **Gomez-Sanchez** was previously assigned FBI# 193941TB1 and A# 078 566 358.

7. Records revealed that **Gomez-Sanchez** had been apprehended by immigration officials attempting to illegally enter the United States on May 20, 2001, in Houston, Texas. Records revealed that on that occasion, **Gomez-Sanchez**, falsely represented himself as a United States Citizen while attempting to make entry into the United States. **Gomez-Sanchez** was processed for Expedited Removal and was ordered removed. **Gomez-Sanchez** was removed to Mexico on May 21, 2001.

8. Further review of the Alien File and all pertinent indices revealed no record of application or permission for **Gomez-Sanchez** to legally reenter the United States. Had such a record existed, I would have found it in the A-file or the indices.

**Gomez-Sanchez** was booked into the Hillsborough County Jail on local charges and an immigration detainer was filed.

9. On April 25, 2017, I encountered **Gomez-Sanchez** at the Hillsborough County Jail. I identified myself as a United States Border Patrol Agent and advised **Gomez-Sanchez** of his Miranda rights, and he agreed to answer questions without having an attorney present.

10. Upon questioning, **Gomez-Sanchez** admitted to being a citizen and national of Mexico illegally present in the United States. **Gomez-Sanchez** admitted that he had been previously ordered removed from the United States in 2001 and that he had been subsequently removed from the United States after that arrest. **Gomez-Sanchez** admitted that he had illegally reentered the United States sometime in May of 2002 by walking through the desert near Laredo, Texas.

11. **Gomez-Sanchez** stated that he had made no prior application nor had he received permission to reenter the United States. **Gomez-Sanchez** further admitted that he had illegally reentered the United States of his own free will in order to live and work in the United States.

12. Fingerprint queries were conducted through all pertinent indices. Fingerprint queries further confirmed the identity of **Gomez-Sanchez** and returned as a positive match for FBI# 193941TB1 and A# 078 566 358.

13. Based on the foregoing, there is probable cause to charge **Vicente Gomez-Sanchez**, a citizen and national of Mexico illegally present in the United States, with illegal reentry into the United States after deportation, in violation of Title 8, United States Code, Section 1326(a).

Robert M. Vadasz, Border Patrol Agent
United States Border Patrol

Sworn to and subscribed before me
This 26th day of April, 2017 in Tampa, Florida.

AMANDA ARNOLD SANSONE
United States Magistrate Judge